**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| GERHARD HECKERMANN, derivatively on behalf of CPI CARD GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN MONTROSS, DAVID BRUSH, JERRY DREILING, DIANE FULTON, DAVID PEARCE, ROBERT PEARCE, NICHOLAS PETERS, DAVID ROWNTREE, BRADLEY SEAMAN, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV), LIMITED PARTNERSHIP, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV) US, LIMITED PARTNERSHIP, and TRICOR PACIFIC CAPITAL, INC., <br><br> Defendants, <br><br> and <br><br> CPI CARD GROUP INC., <br><br> Nominal Defendant. | Case No.: 17-cv-1673-CFC |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order") is entered into and made this ___ day of _____, 2018, by and among CPI Card Group Inc. (the "Company"), on the one hand, and Gerhard Heckermann (the "Stockholder") and the Stockholder's undersigned counsel, Farnan LLP, The Rosen Law Firm, P.A., and The Brown Law Firm, P.C. ("Stockholder Counsel," and collectively with the Stockholder, the "Stockholder Recipients"), on the other hand, and subject to the Court's approval. The parties to this Protective Order shall be collectively referred to as the "Parties," and each a "Party."

WHEREAS, on November 20, 2017, the Stockholder filed a verified derivative complaint (the "Complaint") in the United States District Court for the District of Delaware, initiating an action styled *Gerhard Heckermann* v. *Steven Montross, et al.*, C.A. No. 17-cv-1673-CFC (the "Derivative Action");

WHEREAS, a consolidated putative federal securities class action arising from events related to the allegations of the Complaint is currently pending in the United States District Court for the Southern District of New York, captioned *IN RE CPI CARD GROUP INC. SECURITIES LITIGATION*, No. 1:16-cv-04531 (LAK) (the "Securities Class Action");

WHEREAS, on March 28, 2018, the Court entered a Stipulation and Order Staying Case (the "Stay Order"), providing for a stay of the Derivative Action pending the final resolution of the Securities Class Action and, subject to the Stockholder's execution of a mutually agreeable confidentiality agreement or order, permitting the Stockholder access to discovery produced to the plaintiffs in the Securities Class Action, to any plaintiffs in any related derivative or class actions, and to any purported stockholders who make books and records demands;

WHEREAS, any discovery produced pursuant to the Stay Order will likely include documents and information that contain non-public and confidential commercial, business, financial and/or proprietary information;

WHEREAS, the Company is engaged in proprietary and confidential business activities, and could be prejudiced if confidential information pertaining to the Company or its business were disclosed publicly or to third parties or used by the Stockholder Recipients for purposes not reasonably related to the Stockholder's interests as a stockholder of the Company;

WHEREAS, the Parties desire that documents and information of the Company containing non-public and confidential commercial, business, financial and/or proprietary information shall remain confidential;

NOW, THEREFORE, the undersigned Parties, intending to be legally bound, hereby agree for themselves, their successors and their assigns as follows, subject to the approval of the Court:

1. For the purposes of this Protective Order, "Confidential Information" means all documents or information that the Company, or any other person producing documents or information in reliance on this Protective Order ("Producing Persons"), produce to the Stockholder Recipients, including all notes and/or abstracts of such information, which has not previously been publicly released or disclosed.

2. The Stockholder Recipients agree that they will treat all Confidential Information provided to them as confidential and will not disclose, publish or communicate such documents or the contents thereof to anyone except their third party copy and service company and as otherwise provided in this Protective Order. For purposes of clarification, the Stockholder Recipients agree that they will not disclose, publish or communicate any Confidential Information to any class representatives or the attorneys representing any class representatives in any securities lawsuits brought against the Company and/or its officers or directors, including, without limitation, the Securities Class Action. The Stockholder Recipients may provide the Confidential Information to an advisor, once they have (a) first received from such advisor a duly executed Undertaking in the form attached hereto as Exhibit A; and (b) provided ten (10) days' prior notice to the Company of the identity of any such advisor. For purposes of this Protective Order, "advisor" shall mean the Stockholder's advisors, accountants, consultants, representatives or agents. All Confidential Information provided to the Stockholder Recipients and any advisor shall be kept strictly confidential by the advisor and shall be used solely for purposes of the Derivative Action. Executed versions of Exhibit A shall be provided to the Company and any Producing Persons before the Stockholder Recipients provide any Confidential Information to any advisor.

3. The Stockholder Recipients agree that they will only use Confidential Information for purposes of the Derivative Action. The Stockholder Recipients agree that they will not use any

Confidential Information for any other purpose. Prohibited purposes include, but are not limited to, the following: (i) communications with any competitor of the Company; (ii) communications with any plaintiff or any counsel representing any plaintiff in any way in, or in connection with, any litigation or potential litigation, or in any other action or potential action, whether or not filed, against or on behalf of the Company or any other defendant in this Action or the Securities Class Action, other than the Derivative Action; (iii) communications with press or news media representatives, analysts, or other content publishers; (iv) postings to any social media, blogs, or websites; (v) communications with any federal, state or local government officials; (vi) communications with any investor organizations or associations; (vii) use of Confidential Information as a basis for trading the securities of the Company or its subsidiaries or affiliates; and (viii) any other purpose, except as set forth herein or expressly agreed in writing by the Company.

4. The Stockholder Recipients agree that, absent consent of the Company (and, where applicable, the Producing Person) or a court order, they will file all pleadings, motions, and other documents containing or comprising Confidential Information under seal in accordance with the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means. By filing any pleading, motion, or other document under seal, the Stockholder Recipients do not waive their right to challenge the designation of any documents or information as confidential.

5. The restrictions on disclosure of Confidential Information shall not apply to any Confidential Information which: (a) is independently developed by the Stockholder Recipients or lawfully received free of restriction from another source having the right to so furnish such information; or (b) is in the public domain or becomes generally available to the public other than through an act or omission of the Stockholder Recipients or any advisor. If the Stockholder Recipients contend that any Confidential Information should no longer be subject to the terms and restrictions of this Protective Order, they shall give written notice of that contention to the Company and, where applicable, the Producing Person. If the Parties or other Producing Persons are unable to resolve, in good faith, any

disagreements about whether such material should continue to be subject to the terms and restrictions of this Protective Order, such disagreements shall be submitted to the United States District Court for the District of Delaware for resolution. Until the Court enters an order ruling on the confidentiality of the document or other material, the document or other material shall continue to be treated as Confidential Information pursuant to this Protective Order.

6. If the Stockholder Recipients are required to disclose any Confidential Information pursuant to subpoena or other governmental mandatory process, or request for production, they shall give the Company and the Producing Person (if someone other than the Company) written notice of such subpoena, process or request within three (3) business days after receipt of the subpoena or other compulsory process (unless such subpoena or other compulsory process requires production or other disclosure of Confidential Information or the contents thereof sooner than ten (10) days after receipt, in which case such written notice shall be given as promptly as practicable and in all events within forty-eight (48) hours after receipt of the subpoena or other compulsory process) so that the Company or Producing Person has the opportunity to seek to prevent the disclosure of Confidential Information. Nothing in this paragraph prevents the Stockholder Recipients from complying with a lawful court order to produce documents, provided the Stockholder Recipients provide notice to the Company and Producing Person of any such court order as provided for herein.

7. If copies are made of Confidential Information, the Stockholder Recipients and any person who received Confidential Information pursuant to paragraph 2 above, will return all copies of Confidential Information and/or certify to the Company's counsel that all Confidential Information possessed by them has been destroyed within ten (10) days of the conclusion of the Derivative Action.

8. This Protective Order is made without waiver of the Stockholder's or the Company's rights, interests or defenses under applicable laws or rules of any jurisdiction or tribunal, or any common law rights or remedies of the Parties. This Protective Order does not waive the rights of any

Party with respect to the relevance or admissibility of any documents subject hereto in any subsequent proceeding, and all Parties (and Producing Persons) reserve all of their rights in that regard.

9. Stockholder Counsel agree that they will not represent any stockholder, other than the Stockholder, in litigation against the Company and/or its officers and/or directors (or any Producing Person) that arises from the facts, or facts that are substantially similar to the facts, alleged in the Derivative Action unless such stockholder is joined as a plaintiff in the Derivative Action.

10. This Protective Order: (a) is the complete agreement of the Parties concerning the subject matter hereof and supersedes any prior such agreements; and (b) may not be amended or in any manner modified except in writing signed by the Parties or by Order of the Court. If any provision of this Protective Order is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely approximating the intention of the Parties as expressed herein.

11. The Stockholder Recipients acknowledge that the Company (and any Producing Person) would not have an adequate remedy at law and will suffer irreparable and significant harm should the Stockholder Recipients or any advisor breach or threaten to breach any of their obligations under this Protective Order, and further agree that the Company (and any Producing Person) would be entitled to equitable relief, including specific performance and injunctive relief, in such event, in addition to any other remedies available to it. In the event that a lawsuit is filed to enforce any of the provisions of this Protective Order, the prevailing party shall be entitled to recover reasonable attorneys' fees and expenses incurred in such litigation.

12. In the event that the Company or Producing Person learns or discovers that a document subject to immunity from inspection on the basis of attorney-client privilege, work product, or other valid basis has been inadvertently produced, Company counsel shall notify Stockholder Counsel promptly after so learning or discovering that such inadvertent production has been made. The inadvertently disclosed documents and all copies thereof shall immediately be returned to the Company

or Producing Person subject to the Stockholder's right to object to the Company's or Producing Person's designation of the documents. The Parties agree that such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the Company or Producing Person has given notice as provided in this paragraph.

13. The Parties agree that no failure or delay by any Party or Producing Person in exercising any right, power, or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power, or privilege hereunder.

14. Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Intending to be legally bound, the undersigned Parties hereto have caused this Protective Order to be duly executed and delivered and each undersigned Party hereto acknowledges that it has the authority to enter into and, upon execution, will be fully bound by this Protective Order.

STIPULATED AND AGREED TO:

OF COUNSEL:

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

THE BROWN LAW FIRM, P.C.
Timothy W. Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

FARNAN LLP

By: _/s/ Brian E. Farnan_____
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, DE  19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
          mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

ABRAMS & BAYLISS LLP

By: __/s/ Daniel J. McBride_____
A. Thompson Bayliss (#4379)
Daniel J. McBride (#6305)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Telephone: (302) 778-1000
Facsimile: (302) 261-0292
Email: bayliss@abramsbayliss.com
          mcbride@abramsbayliss.com

*Attorneys for Nominal Defendant CPI Card Group Inc.*

Dated:  December 18, 2018

SO ORDERED.

Dated: _____, 2018

_____
Honorable Colm F. Connolly
United States District Judge

8

| | |
|---|---|
| GERHARD HECKERMANN, derivatively on behalf of CPI CARD GROUP INC., | Case No.: 1:17-cv-01673-CFC |
| Plaintiff, | The Hon. Colm F. Connolly |
| v. | Complaint Filed: November 20, 2017 |
| STEVEN MONTROSS, DAVID BRUSH, JERRY DREILING, DIANE FULTON, DAVID PEARCE, ROBERT PEARCE, NICHOLAS PETERS, DAVID ROWNTREE, BRADLEY SEAMAN, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV), LIMITED PARTNERSHIP, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV) US, LIMITED PARTNERSHIP, and TRICOR PACIFIC CAPITAL, INC., | |
| Defendants, | |
| and | |
| CPI CARD GROUP INC., | |
| Nominal Defendant. | |

## **EXHIBIT A**

### **UNDERTAKING**

I hereby certify: (i) my understanding that documents and/or information is being provided to me pursuant to the terms and restrictions of that certain Stipulation and Order Governing the Production and Exchange of Confidential Information, dated as of _____, 2018 (the "Protective Order"), entered into by and among CPI Card Group Inc., on the one hand, and Gerhard Heckermann and his counsel, on the other hand, and entered by the Court in the above-captioned action; and (ii) that I have read the Protective Order. I understand the terms of the Protective Order and I agree to be fully bound by the Protective Order.

Dated: _____  Signature: _____