UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GERHARD HECKERMANN, derivatively on behalf of CPI CARD GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN MONTROSS, DAVID BRUSH, JERRY DREILING, DIANE FULTON, DAVID PEARCE, ROBERT PEARCE, NICHOLAS PETERS, DAVID ROWNTREE, BRADLEY SEAMAN, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV), LIMITED PARTNERSHIP, TRICOR PACIFIC CAPITAL PARTNERS (FUND IV) US, LIMITED PARTNERSHIP, and TRICOR PACIFIC CAPITAL, INC.<br><br>Defendants,<br><br>and<br><br>CPI CARD GROUP, INC.,<br><br>Nominal Defendant. | Case No.: 1:17-cv-01673-CFC<br><br>EXHIBIT C<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated December 18, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Action; and (ii) approving the form and content of the Notice of the Settlement to CPI Stockholders, substantially in the form of Exhibit B attached to the Stipulation (the "Notice");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Order Preliminarily Approving Derivative Settlement and Providing for Notice ("Preliminary Approval Order"),

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2. A hearing shall be held before this Court (the "Settlement Hearing") on April 1, 2020 at 9:00 a.m.,[1] at the United States District Court for the District of Delaware, the Honorable Colm F. Connolly, Courtroom 4B, located at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801, to review the adequacy, fairness, and reasonableness of the Settlement set forth in the Stipulation and to determine: (i) whether to enter the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation; and (ii) all other matters properly before the Court. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3. The Court approves, as to form and content, the Notice, and finds that issuing the Notice through issuance of a press release on GlobeNewswire, filing with the SEC the Notice and Stipulation as exhibits to a Form 8-K, and posting the Notice together with the Stipulation on the

---

[1] The Parties respectfully request that the Settlement Hearing be scheduled at least fifty-five (55) days after entry of this Preliminary Approval Order.

2

investors relations portion of CPI's corporate website substantially in the manner and form set forth in this Preliminary Approval Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to current CPI stockholders and all other Persons entitled thereto.

4. Not later than ten (10) calendar days following entry of this Preliminary Approval Order, CPI shall issue the Notice via a press release on GlobeNewswire, file with the SEC the Notice and Stipulation as exhibits to a Form 8-K, and post the Notice together with the Stipulation on the Investor Relations page of CPI's corporate website. The Notice will contain a link to the page on the investor relations portion of CPI's corporate website where the Notice and Stipulation of Settlement will be posted, which posting will be maintained through the date of the Settlement Hearing.

5. All costs incurred in providing the Notice shall be paid by CPI, and CPI shall undertake all administrative responsibility for such issuing, filing, and posting of the Notice.

6. All papers in support of the Settlement and the Fee and Expense Award, including any Service Award, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7. Any current CPI stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, and/or why the Fee and Expense Award and the Service Award, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no current CPI stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be

entered thereon approving the same, or the Fee and Expense Award and the Service Award, unless that stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection, (b) proof of ownership of CPI common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of CPI common stock held and the date of purchase, (c) any and all documentation or evidence in support of such objection, and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three (3) years; and (2) if a current CPI stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a current CPI stockholder files a written objection and/or written notice of intent to appear, such stockholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) at least fourteen (14) calendar days prior to the Settlement Hearing upon each of the following:

**Counsel for Plaintiff:**

| Timothy Brown | Phillip Kim |
| THE BROWN LAW FIRM, P.C. | THE ROSEN LAW FIRM, P.A. |
| 240 Townsend Square | 275 Madison Avenue, 40th Floor |
| Oyster Bay, NY 11771 | New York, NY 10016 |

**Counsel for Defendants:**
James P. Smith, III
Matthew L. DiRisio
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

**Counsel for Nominal Defendant:**
A. Thompson Bayliss
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Any current CPI stockholder or other Person who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award and Service Award, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8. At least ten (10) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance, filing, and posting of the Notice pursuant to the terms of this Preliminary Approval Order.

9. All current CPI stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to current CPI stockholders.

10. All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order. This Court retains exclusive jurisdiction over this Derivative Action, the Parties, and Plaintiff's Counsel and Defendants' Counsel to consider all further matters arising out of or connected with the Settlement.

11. Pending final determination of whether the Settlement should be approved, neither Plaintiff, Plaintiff's Counsel, nor any current CPI stockholders or other Persons, derivatively on behalf of CPI, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12. The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff or Plaintiff's Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to current CPI stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to current CPI stockholders.

IT IS SO ORDERED.

DATED: __January 2, 2020__       _____
HONORABLE COLM F. CONNOLLY
U.S. DISTRICT COURT JUDGE